# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0207V

|  |  |
|---|---|
| LARRY TOOTHMAN,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 29, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Camille Jordan Webster, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On February 24, 2022, Larry Toothman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination administered to him on August 17, 2021. Pet., ECF No. 1. On January 10, 2025, I issued a decision awarding damages to Petitioner based upon Respondent's proffer. ECF No. 39.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,998.42 (representing $27,158.10 for fees and $840.32 for costs). Petitioner's Application for Attorneys' Fees, filed Apr. 24, 2025, ECF No. 44. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on May 8, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 45. On May 9, 2025, Petitioner filed a reply, criticizing Respondent's hourly rate discussion and reiterating her previous fees request. ECF No. 46.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Most hourly rates requested by attorneys working on this case and their supporting paralegals, are reasonable and consistent with our prior determinations and will therefore be adopted. However, the proposed rates of $475.00 for 2024 time and $508.00 for 2025 time billed by Elizabeth Vitt; and $550.00 for 2025 time billed by Ms. Durant require further evaluation and adjustment.

Attorney Leah Durant was previously awarded the *lesser* rates of $530.00 for work performed in 2025. *See Jackman* v. *Sec'y of Health & Hum. Servs.,* No. 23-1749 (June 24, 2025).[3] I find no reason to deviate from such reasoned determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023).  Accordingly, I hereby reduce Ms. Durant's rate for work performed in 2025 to be consistent with the aforementioned decision. **Application of the foregoing reduces the amount of fees to be awarded by $<u>70.00</u>**.[4]

Pursuant to information provided in another vaccine case,[5] involving a Fees Decisions which has yet to be posted,[6] Attorney Elizabeth Vitt has been a licensed attorney since 2006, placing her in the range of attorneys with 11-19 years' experience

---

[3] This decision can be found on the United States Court of Federal Claims website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 29, 2025).

[4] This amount is calculated as follows: ($550.00 - $530.00 = $20.00 x 3.50 hours billed) = $70.00 in fees to be reduced. ECF No. 44-1 at 10 (entry dated 3/28/25).

[5] In addition to a failure to provide the information needed to establish hourly rates, such as Ms. Vitt's bar date and relevant experience, the billing records for the Durant firm reference the initials only for multiple attorneys and paralegals who worked on the case. The motion contains no summary list of the full names of these individuals, which most other law firms provide. The Durant firm should include this information in all future motions, as well as more detailed information related to the experience level of any attorney or paralegal, new to the firm, who worked on the case involved.

[6] Because this Fee Decision has not yet been posted to the Court's website, *and* the time allowed for any redaction request has not yet expired, I will not further identify this case by case name or number.

based on the OSM Fee Schedules for both 2024 and 2025.[7] Although her proposed rates of $475.00 and $508.00 fall within the relevant experience levels for similarly-situated attorneys, I find her specifically-requested rates to be excessive based on her lack of experience representing petitioners in the Vaccine Program. *See McCulloch v. Health & Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

In the earlier referenced Fees Decision - not yet available to the public, I have reduced Ms. Vitt's 2024 hourly rate to $430.00. And this appears to be the first case establishing a 2025 program hourly rate for Ms. Vitt, who was also recently admitted to this Court as of October 2024 (hence – less than one year ago). As I stated when determining the appropriate 2024 rate, it is therefore improper for Ms. Vitt to receive an hourly rate on the higher end of the experience ranges, when those rates are reserved for attorneys who also have lengthy experience representing Petitioners in the Program. Thus, based on the factors relevant to determining proper hourly rates for Program attorneys, **rates of $430.00 and $460.00 are more appropriate for Ms. Vitt's time in 2024 and 2025, respectively. Application of the foregoing reduces the fees to be awarded by $398.70**.[8]

Regarding the time spent working on this case, I find it to be reasonably expended. Thus, I will make no reductions to the hours billed.

## ATTORNEY COSTS

Petitioner requests $840.32 in overall attorney costs and has provided receipts for all expenses. ECF No. 44-2. And Respondent offered no specific objection to the amounts sought. ECF No. 45. I have reviewed all requested costs and find them to be reasonable.

---

[7] The Attorneys' Fee Schedule is available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[8] This amount is calculated as follows: ($475.00 - $430.00) x 7.9 hrs. ($508.00 - $460.00) x 0.9 hrs. = $398.70. ECF No. 44-1 at 8-10 (entries dated 9/16/24, 9/17/24, 10/16/24, 1017/24, 11/1/24, 12/2/24, 12/3/24 (two entries), 12/9/24, 1/6/25, 1/7/25, 1/10/25 (two entries), 1/13/25, 2/10/25).

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$27,529.72 (representing $26,689.40 for fees and $840.32 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.